

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-14-742

| | |
|---|---|
| ISRAEL WATSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 3, 2015<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. CR 2012-309-1]<br><br>HONORABLE JOE E. GRIFFIN, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

Israel Watson was tried by a jury on ten counts of rape for engaging in deviate sexual activity in March 2012 with a person under fourteen years of age. Over Watson's objection, a witness who was not the victim of these crimes was allowed to testify that Watson had raped her when she was a child. The jury returned guilty verdicts on all counts and fixed each sentence at forty years' imprisonment, with two counts to run consecutively.

Watson appeals, raising three points related to the testimony about the previous rape. The first and second points concern the pedophile exception to Arkansas Rule of Evidence 404(b), which addresses the admissibility of evidence about other crimes, wrongs, or acts. First, he contends that the circuit court abused its discretion by admitting testimony in violation of the rule; second, he contends that his Fifth Amendment right to remain silent was violated because the 404(b) testimony was admitted and other information was excluded.

Third, he contends that the trial court abused its discretion by overruling his objection that the testimony impermissibly went to the ultimate determination in the current case.

We are unable to entertain the merits of this appeal for two reasons. First, we cannot ascertain from the sentencing order what truly occurred in the trial court. Second, Watson has not complied with our briefing requirements.

We note that the circuit court's sentencing order does not comport with the forms returned by the jury. The jury forms for each enumerated count reflect a finding of guilt and a forty-year sentence, with a recommendation that "his sentence run consecutive on . . . Counts 3 and 10, a total of two counts." The sentencing order lists the total number of counts as ten but, rather than enumerating each, addresses a single count under "Offense # 1" and nine counts under "Additional Offenses." The single-count and nine-count sections both reflect a sentence of 480 months in the Arkansas Department of Correction, with the nine-count sentence to run "consecutive . . . to counts 3 and 10." We also note that the single-count section reflects, incongruously, a negotiated plea of guilty as well as the jury's finding of guilt. We remand to the trial court for settlement of the record and supplementation with a proper sentencing order—specifying each count on which Watson was convicted and how the sentences are to run—within thirty days of the date of this opinion. *See* Ark. R. App. P.–Civ. 6(e) (2014) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a) (2014)).

The abstract of Watson's brief lacks testimony by the victim of the offenses on which he was tried—evidence pertinent to his arguments on appeal concerning testimony by the

SLIP OPINION

Rule 404(b) witness. The brief thus does not comply with our requirement that information from the transcript be abstracted if it is "essential for the appellate court to . . . decide the issues on appeal." Ark. Sup. Ct. R. 4-2(a)(5) (2014). The brief's statement of the case refers to testimony at a pretrial hearing and trial without following Rule 4-2(a)(6)'s requirement to refer to pages of the abstract where the testimony can be found. Various statements in the argument section of the brief fail to refer to pages of the abstract or addendum,[1] as is required by Rule 4-2(a)(7). These briefing deficiencies are not to be taken as an exhaustive list. We direct Watson to file, within fifteen days after the supplemental record is filed, a substituted abstract, addendum, and brief correcting deficiencies and otherwise complying with our appellate rules. Ark. Sup. Ct. R. 4-2(b)(3). We encourage him, before resubmitting his brief, to carefully examine the record and review our rules to ensure that no additional deficiencies are present. Once his substituted brief has been filed, the State will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk.

Remanded to settle and supplement the record; rebriefing ordered.

HARRISON and VAUGHT, JJ., agree.

*The Law Office of Darrell F. Brown, Jr.*, by: *Darrell F. Brown, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

---

[1]Statements without page references include "the State alleged that he had an intimate relationship with the victim, . . . the witness indicated that she was being sent to a house to pick up something, . . . the prosecution alleged the appellant was the babysitter for the victim."